USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: Aug. 17, 2015

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------X
JACQUELINE DE LA ROSA LAFONTAINE,    :
                                     :
                    Petitioner,      :
                                     :    No. 15 Civ. 4251 (JFK)
     -against-                       :
                                     :    **OPINION & ORDER**
SCOTT MECHKOWSKI, CHRISTOPHER        :
SHANAHAN, JEH JOHNSON, and LORETTA   :
LYNCH,                               :
                                     :
                    Respondents.     :
------------------------------------X

**JOHN F. KEENAN, United States District Judge:**

   Before the Court is Petitioner Jacqueline De la Rosa Lafontaine's habeas corpus petition pursuant to 28 U.S.C. § 2241.  She seeks immediate release from detention or, in the alternative, an individualized bond hearing.  For the following reasons, Lafontaine's petition is granted in part.

   The relevant facts, which are undisputed, can be briefly stated.  Lafontaine came to this country from the Dominican Republic in 1986.  She met Michael Lafontaine that summer, and the two were wed by December.  Ms. Lafontaine was admitted as a conditional permanent resident, see 8 U.S.C. § 1186a, in April 1988, and Mr. Lafontaine later applied for an immigration visa for his wife.  In 1990, the Lafontaines applied to remove the conditions of her residency.  Her petition was denied for insufficient evidence to support the existence of a bona fide marriage, perhaps owing to Mr. Lafontaine's then-incarceration.

In March 2007, Ms. Lafontaine was arrested and charged for criminal possession of a controlled substance and released on her own recognizance after two days in custody. On November 13, 2008, she was convicted of New York Penal Law § 220.09(1), fourth degree criminal possession of a controlled substance, and sentenced to five years' probation.

On March 13, 2015, Ms. Lafontaine was detained by immigration officers and sent to the Hudson County Correctional Facility in New Jersey. The Department of Homeland Security's notice to appear charged her with deportability based on the termination of her conditional permanent residency, see 8 U.S.C. § 1227(a)(1)(D)(i), and her 2008 drug conviction, see 8 U.S.C. § 1227(a)(2)(B)(i). Her request for a bond hearing was denied because the immigration judge found that she was subject to mandatory detention, see 8 U.S.C. § 1226(c). Her hearing to cancel her removal is scheduled for September 2, 2015.

This Court has jurisdiction because Ms. Lafontaine filed her petition while she was within this district at the Varick Street Immigration Court in Manhattan. See Figueroa v. Aviles, No. 14 Civ. 9360, 2015 WL 464168, at *1 n.2 (S.D.N.Y. Jan. 29, 2015) ("As Respondents concede, the Court has jurisdiction over Figueroa's habeas corpus petition pursuant to 28 U.S.C. §§ 2241 and 1331, as Figueroa was present in the Southern District of New York when the petition was filed."); Martinez-Done v.

2

McConnell, 56 F. Supp. 3d 535, 540 (S.D.N.Y. 2014).  The parties agreed to a briefing schedule, which they followed, and the Court now considers Lafontaine's petition.

Lafontaine asserts three reasons why her petition should be granted:  (1) she was not "released" within the meaning of § 1226(c) because she did not serve a post-conviction custodial sentence and was released pre-conviction on her own recognizance; (2) the Government did not take her into custody "when [she was] released" as provided by § 1226(c) because she was detained more than six years after her conviction and nearly eight years after being released on her own recognizance; and (3) her detention violates her due process rights because (a) it is arbitrary, (b) she has a substantial challenge to her removability, and (c) her detention is, or will become, impermissibly prolonged.

The Court grants Lafontaine's petition because, joining the growing consensus in this district, it holds that Lafontaine's pre-conviction release on her own recognizance is not a qualifying "release[]" within the meaning of § 1226(c). See, e.g., Blake v. Mechkowski, No. 15 Civ. 2724, 2015 WL 4006193, at *2 (S.D.N.Y. June 30, 2015); Reynoso v. Aviles, No. 15 Civ. 3933, 2015 WL 3917569, at *2-3 (S.D.N.Y. June 25, 2015); Gayle v. Aviles, No. 15 Civ. 2134, 2015 WL 4064630, at *2-6 (S.D.N.Y. June 22, 2015) (collecting cases and noting unanimity); Escrogin

v. Tay-Taylor, No. 14 Civ. 2856, 2015 WL 509666, at *3–6 (S.D.N.Y. Feb. 5, 2015); Straker v. Jones, 986 F. Supp. 2d 345, 356–63 (S.D.N.Y. 2013).[1]  In particular, Judge Engelmayer's analysis of this issue in Straker, as other courts in this district have recognized, is methodically reasoned and entirely persuasive. Straker, 986 F. Supp. 2d at 356–63.

The Court finds the Government's arguments challenging Straker's rationale unavailing. See Reynoso, 2015 WL 3917569, at *2 (considering and rejecting the Government's argument that its obligation to detain an individual arises at the time of conviction or release from custody, whichever is later); Gayle, 2015 WL 4064630, at *4 (considering and rejecting the Government's argument that aliens convicted of the same offense would face "differing detention schemes" based on whether they received a custodial or non-custodial sentence); Masih v. Aviles, No. 14 Civ. 928, 2014 WL 2106497, at *3 (S.D.N.Y. May 20, 2014) (noting that the Government's contention that a subsequent conviction means that pre-conviction detention is based on more than a mere arrest "misunderstands" Straker).  The Court also notes that Lafontaine's release after two days

---

[1] A recent report and recommendation, Giron v. Shanahan, No. 15 Civ. 2951, 2015 WL 4609769 (S.D.N.Y. July 20, 2015), expressed doubt about this view in dicta.  Although concluding that due to the "unusual course of petitioner's criminal proceeding" the petitioner had been detained post-conviction, it went on to suggest that the statute "does not preclude application of mandatory detention when release precedes conviction." Id. at *13–15.

4

without even having to post bond does not serve as a useful proxy for risk of flight or danger to society the way a post-conviction custodial sentence does.

Having concluded that Lafontaine was not "released" under § 1226(c), the Court need not consider her other arguments. The Court, however, will not order Petitioner released. Instead, Respondents are ordered to provide Ms. Lafontaine with an individualized bond hearing under § 1226(a) by August 27, 2015.

**SO ORDERED.**

Dated:   New York, New York
         August 17, 2015

                                   _____
                                         JOHN F. KEENAN
                                   United States District Judge